UNITED STATES DISTRICT COURT

for

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 04, 2018

SEAN F. McAVOY, CLERK

| U.S.A. vs. | Brown, Margarie L. | Docket No. | 2:17CR00128-RMP-8 |

**Petition for Action on Conditions of Pretrial Release**

COMES NOW Erik Carlson, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Margarie L Brown, who was placed under pretrial release supervision by the Honorable John T. Rodgers, U.S. Magistrate Judge, sitting in the Court at Spokane, Washington, on the 2nd day of August 2017. In addition, Ms. Brown was placed under a sentencing diversion agreement by the Honorable Rosanna Malouf Peterson, U.S. District Judge, sitting in the Court at Spokane, Washington, on the 21st day of March 2018, under the following conditions:

**Standard Condition #9 (imposed on August 2, 2018):** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**Condition # 3 (c)(ii):** To dismiss the indictment, if prior to November 15, 2018, defendant does not test positive for any substance that is illegal under federal law including marijuana.

**Condition # 3(c)(v):** To dismiss the indictment, if prior to November 15, 2018, defendant does not violate any condition of any release order or supervised release order imposed by the United States District Court or the United States Magistrate Court.

**Standard Condition #1 (imposed on August 2, 2017):** Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency unless Defendant first notifies the supervising Pretrial Services officer in the captioned matter.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**Violation #1:** Margarie L. Brown is alleged to have tested positive for the presence of methamphetamine on April 17, 2018.

On August 7, 2017, the conditions of pretrial release supervision were reviewed with Ms. Brown. She acknowledged an understanding of her conditions, which included standard condition number 9.

On April 16, 2018, the conditions of the sentencing diversion agreement were reviewed with Ms. Brown. She acknowledged an understanding of her conditions, which included condition number 3(c)(ii).

On April 17, 2018, Ms. Brown reported to the U.S. Probation Office and provided a urine sample that tested presumptively positive for the presence of methamphetamine. Ms. Brown acknowledged she smokes methamphetamine every few months, with the last time being on April 13, 2018. Subsequently, Ms. Brown signed a substance abuse admission form acknowledging her use of methamphetamine. In addition, the sample was sent to Alere Toxicology (Alere) for further analysis.

Re: Brown, Margarie L.
October 4, 2018
Page 2

On April 23, 2018, Alere confirmed the aforementioned urine sample tested positive for the presence of methamphetamine.

**Violation #2:** Margarie L. Brown is alleged to have tested positive for the presence of methamphetamine and marijuana on June 27, 2018.

On August 7, 2017, the conditions of pretrial release supervision were reviewed with Ms. Brown. She acknowledged an understanding of her conditions, which included standard condition number 9.

On April 16, 2018, the conditions of the sentencing diversion agreement were reviewed with Ms. Brown. She acknowledged an understanding of her conditions, which included condition number 3(c)(ii).

On June 27, 2018, Ms. Brown reported to Pioneer Human Services and provided a urine sample that tested presumptively positive for the presence of marijuana and methamphetamine. Subsequently, the sample was sent to Alere Toxicology (Alere) for further analysis.

On July 2, 2018, Alere confirmed the above-noted urine sample tested positive for the presence of marijuana.

On July 3, 2018, Alere confirmed the urine sample tested positive for the presence of methamphetamine.

On July 2, 2018, the undersigned confronted Ms. Brown about her positive drug test on June 27, 2018. Ms. Brown advised she had consumed alcohol and marijuana with friends the week prior to submitting to a drug test on June 27, 2018.

**Violation #3:** Margarie L. Brown is alleged to have tested positive for the presence of amphetamine and methamphetamine on July 26, 2018.

On August 7, 2017, the conditions of pretrial release supervision were reviewed with Ms. Brown. She acknowledged an understanding of her conditions, which included standard condition number 9.

On April 16, 2018, the conditions of the sentencing diversion agreement were reviewed with Ms. Brown. She acknowledged an understanding of her conditions, which included condition number 3(c)(ii).

On July 26, 2018, Ms. Brown reported to Pioneer Human Services and provided a urine sample that tested presumptive positive for the presence of amphetamine and methamphetamine. Subsequently, the sample was sent to Alere Toxicology (Alere) for further analysis.

On August 2, 2018, Alere confirmed the urine sample tested positive for the presence of amphetamine and methamphetamine.

On August 3, 2018, the undersigned officer confronted Ms. Brown about her use of methamphetamine. Ms. Brown admitted she smoked methamphetamine with her mother on or about July 24, 2018.

**Violation #4:** Margarie L. Brown is alleged to have tested positive for the presence of amphetamine and methamphetamine on August 3, 2018.

On August 7, 2017, the conditions of pretrial release supervision were reviewed with Ms. Brown. She acknowledged an understanding of her conditions, which included standard condition number 9.

On April 16, 2018, the conditions of the sentencing diversion agreement were reviewed with Ms. Brown. She acknowledged an understanding of her conditions, which included condition number 3(c)(ii).

On August 3, 2018, Ms. Brown reported to the U.S. Probation Office and provided a urine sample that tested presumptive positive for the presence of methamphetamine. Ms. Brown admitted she smoked a friend's electronic cigarette device on August 2, 2018, and suspected that methamphetamine was inside that device. Ms. Brown signed a substance abuse admission form acknowledging her use of methamphetamine. Subsequently, the urine sample was sent to Alere Toxicology (Alere) for further analysis.

On August 14, 2018, Alere confirmed the urine sample tested positive for the presence of amphetamine and methamphetamine.

**Violation #5:** Margarie L. Brown is alleged to have tested positive for the presence of methamphetamine on September 20, 2018.

On August 7, 2017, the conditions of pretrial release supervision were reviewed with Ms. Brown. She acknowledged an understanding of her conditions, which included standard condition number 9.

On April 16, 2018, the conditions of the sentencing diversion agreement were reviewed with Ms. Brown. She acknowledged an understanding of her conditions, which included condition number 3(c)(ii).

On September 20, 2018, Ms. Brown reported to Pioneer Human Services and provided a urine sample that tested presumptively positive for the presence of methamphetamine. The urine sample was sent to Alere Toxicology (Alere) for further analysis.

On September 28, 2018, Alere confirmed the urine sample tested positive for the presence of methamphetamine.

**Violation #6:** Margarie L. Brown is alleged to have failed to report law enforcement contact to the U.S. Probation Office on March 29, 2018, within one business day.

On August 7, 2017, the conditions of pretrial release supervision were reviewed with Ms. Brown. She acknowledged an understanding of her conditions, which included standard condition number 1.

On April 16, 2018, the conditions of the sentencing diversion agreement were reviewed with Ms. Brown. She acknowledged an understanding of her conditions, which included condition number 3(c)(v).

The following information was gathered from Spokane Police Department report number 2018-20057315.

On March 29, 2018, Ms. Brown was listed as a victim of a fourth degree assault. According to the report, two females were engaged in a fight. Ms. Brown intervened, in which she was struck in the face.

An officer conducted an telephone interview with Ms. Brown regarding the above-noted incident on March 29, 2018. Ms. Brown reported she witnessed a woman assaulting her friend and Ms. Brown intervened. Ms. Brown pinned the aggressive woman to the ground and Ms. Brown was reportedly punched in the face, leaving a mark. In response, Ms. Brown advised she hit the aggressive woman and was able to get this person under control. Ms. Brown reported she then left the residence where this altercation occurred.

It appears Ms. Brown nor the alleged victim in this incident wanted to pursue charges at that time.

Ms. Brown failed to report this law enforcement contact to the undersigned officer.

**Violation #7:** Margarie L. Brown is alleged to have failed to report law enforcement contact to the U.S. probation office on June 16, 2018, within one business day.

On August 7, 2017, the conditions of pretrial release supervision were reviewed with Ms. Brown. She acknowledged an

understanding of her conditions, which included standard condition number 1.

On April 16, 2018, the conditions of the sentencing diversion agreement were reviewed with Ms. Brown. She acknowledged an understanding of her conditions, which included condition number 3(c)(v).

The following information was gathered from available police records.

On June 16, 2018, the Spokane Police Department responded to Ms. Brown's residence on a complaint regarding yelling coming from an apartment. It appears Ms. Brown was contacted by officers and reported it was a verbal argument only. Officers determined there was no probable cause for a crime at that time.

Ms. Brown failed to report this law enforcement contact to the undersigned officer.

PRAYING THAT THE COURT WILL ORDER A SUMMONS

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: October 4, 2018

by    s/Erik Carlson

Erik Carlson
U.S. Pretrial Services Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[X]   Defendant to appear before the Judge assigned to the case.
[ ]   Defendant to appear before the Magistrate Judge.
[ ]   Other

Signature of Judicial Officer

10/4/2018
Date